**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**Wilson Encarnacion Toruno Toruno**

     Petitioner,

     v.                                                                 Case No. 2:26-cv-02732-BCL-cgc

**Minter et al.,**

     Respondents.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Wilson Encarnacion Toruno Toruno filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. Petitioner also filed an accompanying Emergency Temporary Restraining Order. Doc. 3. This Court ordered Respondent to state its position following the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Doc. 8. Petitioner has not filed a reply to the Government's Response (Doc. 10).

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is Christopher Bullock, Acting Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk **SHALL** modify the docket.

Respondent asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because he was subject to expedited removal proceedings but also found by an asylum

officer to have a credible fear of persecution in his home country and therefore was placed into full removal proceedings before the Immigration Court. Doc. 10 at 2-4. Petitioner concedes he has a pending application for asylum and makes no argument that he is entitled by statute to a bond hearing or that he is otherwise not subject to mandatory detention. Doc. 1 at 2, 4.

Rather, Petitioner argues that his detention without a bond hearing violates the Due Process Clause.  The Supreme Court has stated that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citing *The Japanese Immigrant Case*, 189 U.S. 86, 100–101 (1903)). But for three independently sufficient reasons, Petitioner's statutorily mandated detention during removal proceedings does not run afoul of the governing due process principles articulated by the courts.

*First*, and most fundamentally, Petitioner was detained upon entry into the United States (Doc. 10-1 at 1-2) and therefore is entitled to "only those rights regarding admission that Congress has provided by statute"—which here does not include a bond hearing. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138, 140 (2020).  This is because, even under the precedent deeming the due process clause applicable to removal proceedings, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" for aliens stopped at the border, particularly when the alien is seeking admission (for instance, as relevant here, through an asylum application). *Id.*  This case is therefore unlike *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), in which the aliens were "detained within the interior of the United States" and "never affirmatively applied for admission." *Id.* at 721; *see also id.* at 733 (distinguishing *Thuraissigiam* on the ground that the "respondent in [that case] was stopped and detained within only 25 yards of the border shortly after crossing it"); *see also Thuraissigiam,* 591

U.S. at 139 ("[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border.").

*Second*, even if Petitioner had not been detained at the border, there would be no violation of due process here. As Respondent rightly notes, the Supreme Court's "longstanding view [is] that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 528 U.S. 510, 523 (2003).  That rule applies here.  And again, *Lopez-Campos* is not to the contrary: The Supreme Court has held that § 1225(b)(1) *requires* detention *until* it is determined whether the detained noncitizen is admissible or instead due to be removed, *Jennings v. Rodriguez*, 583 U.S. 281, 296-98 (2018), and the Sixth Circuit in *Lopez-Campos* specifically acknowledged that any due process constraints are relaxed when Congress has specifically called for mandatory detention. *See Lopez-Campos*, 175 F.4th at 734 ("*Demore* [*v. Kim*, 538 U.S. 510 (2003)] ... concluded that mandatory detention under Section 1226(c) without an initial individualized bond determination did not violate a noncitizen's procedural due process rights.").

*Third,* even if the Due Process Clause did impose a time limit on detention without a bond hearing pursuant to a mandatory detention statute, Petitioner has not identified any binding authority establishing, or even made any argument supporting, the proposition that his less than two months' detention (Doc. 1 at 3) while immigration proceedings remain ongoing would fall on the unconstitutional side of the line. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *cf. Zadvydas*, 533 U.S. at 701 (in context of statute allowing discretionary detention pending removal, holding as matter of constitutional avoidance that six months' detention is presumptively unreasonable if there appears to be no likelihood alien will

actually be removed). Absent argument and authority supporting that surprising result, this Court has no authority to impose it on the political branches.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. Petitioner's Motion for Temporary Restraining Order (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED**, this 9th day of July 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE